IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE JOHNSON, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )   CIV-07-1148-F |
| v. | ) |
| | ) |
| JUSTIN JONES, Director, | ) |
| | ) |
| Respondent. | ) |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner asserts that he was denied due process in a disciplinary proceeding conducted at Lawton Correctional Facility ("LCF") where he is incarcerated. Respondent has moved to dismiss the Petition, and Petitioner has responded to the Motion to Dismiss. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Respondent's Motion to Dismiss be granted and the Petition be dismissed.

On September 22, 2006, Petitioner was charged in an offense report with the misconduct of Possession of Contraband. Respondent's Motion to Dismiss, Ex. 2; Petitioner's Reply, Ex. H. In a disciplinary hearing conducted on October 10, 2006, Petitioner was found guilty of the misconduct. Id. The disciplinary hearing officer recorded the following as the evidence relied on to support the finding of guilt:

> Inmate refused to attend hearing, an investigator informed him of this hearing and he still refused to attend. [Misconduct report] written by [correctional officer] Williams, R., stating that while searching [inmate] Johnson, Eric # 096004 ... commissary bag he discovered a bag containing a green leafy substance and 7 smaller bags containing tobacco. The green leafy substance tested positive for marijuana. NIK test results, photo. of evidence and statement from [Sargent] Meade."

Id.. As sanctions for the misconduct, Petitioner was assigned to the prison's disciplinary segregation unit for 30 days, 365 days of earned credits were forfeited, and Plaintiff was reduced to classification level one for 90 days. The facility head affirmed this decision on October 13, 2006. Petitioner's two attempts to appeal the misconduct decision were returned to him unanswered by the Oklahoma Department of Corrections ("DOC") Director's Designee because the administrative appeals were received out of time according to DOC policy. Respondent's Motion to Dismiss, Exs. 3, 4, 5. Petitioner also did not apply for permission to file an administrative appeal out of time. Respondent's Motion to Dismiss, Ex. 5.

Petitioner filed an application for judicial review of the disciplinary decision in the District Court of Oklahoma County pursuant to Okla. Stat. tit. 57, § 564.1. In a journal entry of judgment entered in that court on June 15, 2007, the court found that Petitioner "failed to timely file an appeal to the warden and director and did not file an application to file an appeal out of time, and Petitioner is serving a Life Sentence for Murder and does not earn earned credits in accordance with 57 O.S. § 138." Respondent's Motion to Dismiss, Ex. 6. The court dismissed the action for failure to state a claim for relief and as frivolous because

Petitioner is serving a life sentence, does not earn sentence credits, and is not entitled to seek judicial review under Okla. Stat. tit. 57, § 564.1.[1] The court alternatively dismissed the action because Petitioner had not exhausted administrative remedies with respect to the disciplinary decision. Id. The OCCA affirmed the district court's judgment in an order entered August 24, 2007. Id., Ex. 7.

In his 28 U.S.C. § 2241 Petition, Petitioner asserts that he was denied due process with respect to the above-described disciplinary proceeding because he was not given advance written notice of the rescheduling of the disciplinary hearing. Further, Petitioner contends that his absence from the rescheduled disciplinary hearing was not a knowing and voluntary waiver of his due process right to appear at the hearing and present evidence. In his request for relief, Plaintiff seeks expungement of the misconduct from his institutional record and the "correct" recording of earned credits in his institutional record.

Respondent contends that Petitioner has not shown that he has been deprived of a liberty interest sufficient to invoke due process guarantees, that Petitioner failed to exhaust administrative remedies, and that Petitioner has not shown the OCCA's decision was contrary to or an unreasonable application of clearly-established federal law or that the decision unreasonably determined the facts in light of the evidence presented at the disciplinary hearing. 28 U.S.C. § 2254(d).

---

[1] The Oklahoma statute giving inmates the opportunity to earn sentence credit excepts inmates serving life sentences from its operation with the provision that "[n]o deductions shall be credited to any inmate serving a sentence of life imprisonment." Okla. Stat. tit. 57, § 138(A).

"A state inmate's due process rights are implicated only when a state's actions impinge on a protected liberty interest." Stephen v. Thomas, 19 F.3d 498, 501 (10th Cir.)(citing Vitek v. Jones, 445 U.S. 480, 488-490 (1980)), cert. denied, 513 U.S. 1002 (1994)). As an inmate serving a life sentence in Oklahoma, there is no possibility that Petitioner's sentence will be shortened by the application of any credits he earns during his imprisonment and he therefore enjoys no liberty interest in the accumulation, withdrawal, or recording of earned credits or in a reduction in his classification level. See Gamble v. Evans, 165 Fed. Appx. 698, 2006 WL 293090 (10th Cir. Feb. 8, 2006)(unpublished op.)(prisoner serving life sentence in Oklahoma is not entitled to use earned good time credits for early release and therefore has no liberty interest in earned credits), cert. denied, ___ U.S. ___ 127 S.Ct. 361 (2006); Worthen v. Franklin, 186 Fed. Appx. 835, 2006 WL 1793285 (10th Cir. June 30, 2006)(unpublished op.)(prisoner serving life sentence in Oklahoma is not entitled to habeas relief concerning his classification because "[h]e has no hope of being released from prison any earlier on the basis of credits he earns or is eligible to earn under the policy"), cert. denied, __ U.S. __, 127 S.Ct. 583 (2006). Additionally, Petitioner has not shown that his placement in disciplinary segregation for thirty days "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Accordingly, the punishment imposed on Petitioner did not implicate a liberty interest and Petitioner is not entitled to habeas relief with respect to the disciplinary proceeding resulting in his misconduct conviction for possession of contraband.

Moreover, Petitioner did not exhaust administrative remedies. See Dulworth v. Evans, 442 F.3d 1265, 1268-1269 (10th Cir. 2006)(petitioner seeking § 2241 habeas relief must exhaust available state and administrative remedies); Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002)("A habeas petitioner is generally required to exhaust state remedies whether his action si brought under § 2241 or § 2254. The exhaustion of state remedies includes both administrative and state court remedies.")(internal quotation marks and citation omitted)). The DOC Director's Designee found that Petitioner had procedurally defaulted his opportunity to appeal the misconduct conviction because he did not file the appeal within the time limit established by DOC policy for such appeals.

Claims that have been defaulted in state court on an independent and adequate state law basis will not be reviewed in a federal habeas proceeding absent a showing of cause for the procedural default and actual prejudice as a result of the alleged violation of federal law, or a showing that failure to consider the defaulted claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner's failure to timely file his administrative appeal constituted a procedural default. This procedural default was a basis for the OCCA's refusal to review the merits of his federal claims in his state court proceeding challenging the disciplinary proceeding. The OCCA's decision was based on state law rather than federal law and is independent for the purpose of this action. See Okla. Stat. tit. 57, § 564 (Oklahoma inmates "in the custody of [DOC] shall completely exhaust all administrative remedies on all potential claims ... prior to initiating an action in district court against [DOC]."); State ex rel. Dep't of Transp. v. Little, 100 P.3d 707, 715 n.

26 (Okla. 2004)("It raises a remedial barrier to judicial relief when an agency's administrative review process is not pursued to conclusion."). State courts have persistently required exhaustion of administrative remedies in cases against DOC brought by Oklahoma inmates. Simmons v. Corrections Corp. of America, 130 P.3d 305, 307 (Okla. Civ. App. Div. 3, 2006); Day v. Snider, 125 P.3d 1229, 1231 (Okla. Civ. App. Div. 3, 2005). Accordingly, the OCCA's decision is based on an adequate state law basis.

     Petitioner has not shown cause or prejudice concerning his procedural default. In his responsive pleading, Petitioner alternatively alleges that this Court's failure to review the merits of his defaulted claims would result in a fundamental miscarriage of justice. This exception to the procedural default doctrine applies only in cases where the habeas petitioner can show that the claimed errors "'probably resulted in the conviction of one who was actually innocent.'" Sellers v. Ward, 135 F.3d 1333, 1338 (10th Cir.)(quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)(internal quotations omitted)), cert. denied sub nom. Sellers v. Gibson, 525 U.S. 1024 (1998). See Herrera v. Collins, 506 U.S. 390, 404 (1993)("The fundamental miscarriage of justice exception is available only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence."). In the case in which a federal habeas petitioner has defaulted a claim that he or she was wrongfully convicted, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998)(internal quotation marks and citations omitted). Cognizable claims of "actual innocence" are rare and must be based

on "factual innocence and not mere legal insufficiency." Id.  In the context of this § 2241 case, the petitioner must submit documentary evidence of his actual innocence supported by "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented" at the disciplinary hearing. See Schlup v. Delo, 513 U.S. 298, 324 (1995).

Petitioner asserts that a videotape of the area where the contraband was discovered would provide exculpatory evidence.  However, Petitioner has not provided this documentary evidence.  Petitioner also provides his own affidavit in which he denies his guilt and the affidavits of two inmates.  These affidavits set forth a chronology of events in the canteen area and north gym area of LCF on the day the offense report was issued against Petitioner, but there is nothing to indicate the trustworthiness of these affidavits.  The affidavits do not show a reasonable probability of Petitioner's actual innocence, particularly in light of the correctional officers' statements which supported the finding of Petitioner's guilt.  Accordingly, Petitioner has not shown a fundamental miscarriage of justice will result from this Court's failure to review the merits of his procedurally defaulted due process claim. Petitioner's procedural default consequently bars federal habeas review of the merits of his due process claims.  Petitioner has not shown that the OCCA's decision with respect to the same claims raised in his § 2241 Petition was contrary to or an unreasonable application of clearly established Supreme Court jurisprudence, nor has Petitioner shown that the OCCA's decision was based on an unreasonable determination of the facts in light of the evidence presented at his disciplinary hearing.  Accordingly, Petitioner is not entitled to federal habeas

relief concerning his misconduct conviction for possession of contraband.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Respondent's Motion to Dismiss (Doc. # 17) be GRANTED and that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED with prejudice.  Petitioner's Motion to Supplement the Record (Doc. # 10), Motion for Correction (Doc. # 11), and Motion for Expansion of the Record (Doc. # 12) are denied.  The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by     December 26th    , 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The parties are further advised that failure to make timely objection to this Supplemental Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   5th   day of    December   , 2007.

*Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE